UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| STACY O. JOHNSON, | Civil No. 05-2909 (PJS/RLE) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| MICHIGAN CLAIM SERVICE, INC., d/b/a The ASU Group, | |
| Defendant. | |

Christopher P. Rosengren, GISLASON & HUNTER, for plaintiff.

Jeremy D. Sosna, Chad W. Strathman, FORD & HARRISON LLP, for defendant.

This matter is before the Court on the parties' objections to Chief Magistrate Judge Raymond L. Erickson's Report and Recommendation ("R&R") dated December 1, 2006. Judge Erickson recommends denying the parties' cross-motions for summary judgment. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court adopts the R&R and denies the motions.

Plaintiff Stacy O. Johnson brings this action against defendant Michigan Claim Service, Inc. ("MCS"), alleging that MCS terminated his employment in violation of 38 U.S.C. § 4316(c) of the Uniformed Services Employment and Reemployment Rights Act.[1] Section 4316(c) provides that

---

[1] Johnson does not object to Judge Erickson's conclusion that he has abandoned any claim under 38 U.S.C. § 4311, which prohibits discrimination in employment based on military service.

> [a] person who is reemployed by an employer under this chapter shall not be discharged from such employment, except for cause . . . within one year after the date of such reemployment, if the person's period of service before the reemployment was more than 180 days[.]

38 U.S.C. § 4316(c). The parties do not dispute that Johnson was "reemployed by an employer under this chapter" after a previous period of service exceeding 180 days, or that he was discharged within one year after the date of his reemployment. Instead, the parties dispute whether Johnson was discharged "for cause" within the meaning of § 4316(c).

Unfortunately, the parties largely confuse this question — that is, the question of whether Johnson's discharge was "for cause" — with the question of whether the non-competition and confidentiality agreement that Johnson refused to sign would have been legally enforceable. The two questions are related, but not identical. As Judge Erickson recognized, the ultimate issue in this case is not whether the non-competition and confidentiality agreement would have been enforceable. The ultimate issue is whether MCS's discharge of Johnson for refusing to sign the agreement was reasonable under § 4316(c) (an issue on which MCS bears the burden of proof, *see* 20 C.F.R. § 1002.248(a)[2]).

If the agreement would have been unenforceable, then it can be assumed that Johnson's dismissal was unlawful. An employer almost surely does not have "cause" to fire an employee for refusing to sign an unenforceable agreement. As Judge Erickson explained, though, this Court cannot decide on this record and briefing whether the agreement that Johnson refused to sign was in fact unenforceable. One problem is that it is not clear whether Minnesota law or Michigan law controls, and Minnesota law appears to differ from Michigan law in important

---

[2] As Judge Erickson noted, this regulation took effect after Johnson's claim accrued, but the parties do not dispute that it accurately summarizes the applicable law.

respects.  *Compare Freeman v. Duluth Clinic, Ltd.*, 334 N.W.2d 626, 630 (Minn. 1983) (mere continuation of employment may be sufficient consideration for non-competition agreement, but only if it is bargained-for and provides the employee with "real advantages") *with QIS, Inc. v. Indus. Quality Control, Inc.*, 686 N.W.2d 788, 789 (Mich. Ct. App. 2004) (mere continuation of employment is sufficient consideration for non-competition agreement).  The parties have inexplicably failed to brief this issue.  A second problem is that, regardless of which state's law controls, there are important factual issues on which the record is either silent or in conflict.[3]

It is also true, as Johnson argues, that even if the agreement would have been enforceable, Johnson's dismissal may not have been lawful.  An employer can act unreasonably in firing an employee for refusing to sign an enforceable non-competition and confidentiality agreement.  The reasonableness of the employer's conduct depends on all of the circumstances.  MCS argues that there is no dispute that it faced adverse economic conditions which necessitated the agreement.  But there is evidence in the record that the division in which Johnson was employed was in good financial health, Stubbs Dep. 69, and that two other employees were offered compensation in exchange for signing the agreement, while Johnson was not, Johnson Dep. Ex. 3 at 4 (Docket No. 22-3 at 4).

---

[3]Johnson argues that, under Michigan law, an employer does not have "cause" to fire an employee for refusing to sign a non-competition agreement when the employee, like Johnson, is not employed at will.  Johnson cites *QIS*, 686 N.W.2d at 789, in support of his argument.  But *QIS* is easily distinguishable.  In *QIS*, the employer attempted to force union employees to sign individual non-competition agreements.  *Id.*  The Michigan Court of Appeals held that the employees' refusal to sign was not "just cause" for termination because the employer could not require union employees to agree to obligations outside of the union contract.  *Id.* at 790.  Unlike *QIS*, no such circumstances barred MCS from seeking individual non-competition agreements with its employees.

The bottom line is that the parties will have to try the question of whether the firing of Johnson was "for cause." Because the enforceability of the non-competition and confidentiality agreement under state law is an important — possibly determinative — factor relevant to that question, the parties will at some point need to submit full briefs on whether Minnesota or Michigan law controls. The parties should submit briefs on that issue, at the latest, when they submit their motions in limine.

## ORDER

Based on all of the files, records, and proceedings herein, the Court ADOPTS Judge Erickson's Report and Recommendation [Docket No. 49]. IT IS HEREBY ORDERED THAT:

1. Defendant's motion for summary judgment [Docket No. 19] is DENIED;

2. Plaintiff's motion for partial summary judgment [Docket No. 25] is DENIED; and

3. To the extent that plaintiff's complaint may be read to assert a claim under 38 U.S.C. § 4311, the claim is DISMISSED WITHOUT PREJUDICE as abandoned.

Dated: January 23, 2007

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge